BICKETT, Respondent v. BORAH, Appellant

(87 N.W.2d 552)

(File No. 9672. Opinion filed January 24, 1958)

**J. H. Lammers,** Madison, for Defendant and Appellant.

**Andrew Quist,** Madison, for Plaintiff and Respondent.

HANSON, J.   This accounting action involves the ownership of a crop of barley grown on the bed of a slough. The trial court entered judgment awarding the owner of the farm a 2/5 share of the crop. The defendant tenant appeals.

The plaintiff, Perle R. Bickett, is a retired farmer living at Madison.   In August 1952, he agreed to rent one of his farms in Lake County to the defendant, Clayton Borah, for a term of one year commencing March 1, 1953. A written lease was executed. Defendant held over possession of the farm under the original lease for the years 1954, 1955, and 1956.   The dispute between the parties concerns

barley planted by defendant during the crop year of 1956. The lease is on a commonly used printed form contract. The rental terms are set forth in the following partly printed and partly typewritten manner:

| | "Cash Rent Per Acre | Share Rent |
|---|---|---|
| For small grain | | 2/5—3/5 |
| For Check row planted corn | | 2/5—3/5 |
| For hay land and pasture | $ 7.00 | |
| For pasture and slough | $50.00 | |
| For drilled corn and other crops for which no rental terms are stated herein | | 2/5—3/5" |

The cash rental for "hay land and pasture" was a per acre rental of $7. By mutual agreement of the parties the cash rental for this portion of the farm varied according to the number of acres left in hay land. In 1953 there were 26 acres. In 1954, 1955, and 1956 there were only 20 acres of hay land, as 6 acres had been plowed in 1954 and converted to crop land. After the 6 acres had been converted to crop land plaintiff received a 2/5 share of the crop instead of the $7 per acre cash rental.

The cash rental of $50 was for a separate and distinct area of the farm designated in the lease as "pasture and slough". This cash rental was for the entire area and did not vary in amount. The area consisted of approximately 60 acres. It contained a shallow landlocked body of water or slough which covered more than 50 acres. When the lease agreement was executed in 1952 this entire area was under water except 5 or 6 acres around the edge of the slough. The water remained until the summer of 1955. Nothing was planted in the slough area in 1955. In the spring of 1956 defendant disced and planted about 30 acres of barley in the dry slough bed. The remaining slough acreage was not farmed.

The defendant allowed his cattle to pasture the barley until it headed out. The crop was then allowed to mature and 1,600 bushels were harvested therefrom.

Plaintiff observed defendant planting barley in the slough and made no objection. The dispute over rentals arose when the barley was being harvested. The plaintiff contended he was entitled to the landlord's share of all crops grown on the premises. Defendant contended he was only obligated to pay $50 cash rental for the slough area.

Defendant offered to pay $50 cash rental for the slough area and $140 for the hay land. His check therefor in the amount of $190 was returned by plaintiff and this action followed.

The trial court found in favor of plaintiff and determined he was entitled to 2/5 of the barley in the amount of $608 and cash rental for the hay land in the amount of $140. Total judgment in the amount of $748 was entered in favor of plaintiff.

■ By virtue of general custom and usage it may be conceded that when a farm is rented on shares the owner is ordinarily entitled to a share of all crops grown on the premises. However, custom or usage is not binding on the parties to a lease if it is in conflict with the express provisions of their agreement. 32 Am.Jur., Landlord and Tenant, § 135, p. 137. In this case the written lease governed the amount of share and cash rental defendant was obligated to pay. He remained in possession of the farm from year to year under the terms of original written lease. SDC 38.0415. No modification or change in the rental terms was ever indicated with reference to the slough area.

■ The lease contained no restriction on defendant's use and occupancy of the slough area. In wet years it had little value. In dry years he was entitled to make any reasonable use of the area he desired so long as he did not create a nuisance, commit waste, or injure the freehold. Planting barley in the bed of the slough was not a prohibited use of the land.

The plaintiff could not require defendant to plant crops in the slough bed. If planted, he could not prevent defendant from cutting the crop for feed or pasturing the same. We, furthermore, do not believe plaintiff had the right to refuse the cash rental for this area. He was entitled to no more under the express terms of the written lease.

Plaintiff is entitled to recover cash rental in the amount of $50 for the slough area and $140 for the hay land. The cause is remanded to the trial court with directions to enter judgment accordingly. No costs will be allowed either party.

RENTTO, P. J., and ROBERTS and SMITH, JJ., concur.

BOGUE, J. (dissenting).

I find no error in the trial court's construction of the terms of the lease. It is my opinion that the judgment should be affirmed. I, therefore, dissent.